**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB - 4 2016

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | NO. 1:15CR119 |
| | § | Judge Marcia A. Crone |
| KERRY ARSENIO ARDOIN | § | |

## SECOND SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm)

From on or about January 19, 2015, the exact date being unknown to the grand jury, and continuing thereafter until on or about September 10, 2015, in the Eastern District of Texas, the defendant, **Kerry Arsenio Ardoin**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: Possession of a Controlled Substance, namely, cocaine, a felony, on June 3, 2013, cause number 13-16405, in the Criminal District Court of Jefferson County, Texas; Possession of a Controlled Substance, namely, cocaine, a felony, on June 3, 2013, cause number 10-10487, in the Criminal District Court of Jefferson County, Texas; did knowingly possess in and affecting interstate commerce one or more of the following firearms, to wit: one .357 caliber Ruger Lightweight Compact Revolver (LCR), bearing serial number 548-438-04 and one Cobra .380 caliber semiautomatic pistol, bearing serial number FS038738, said firearms having

Case 1:15-cr-00119-MAC-ZJH   Document 43   Filed 02/04/16   Page 2 of 7 PageID #: 89

been shipped and transported in interstate commerce.

In violation of 18 U.S.C. § 922(g)(1).

## Count Two

> Violation: 21 U.S.C. §841(a)(1)
> (Possession of a Controlled Substance
> with Intent to Distribute (Cocaine base))

From on or about January 19, 2015, the exact date being unknown to the grand jury, and continuing thereafter until on or about September 10, 2015, in the Eastern District of Texas, the defendant, **Kerry Arsenio Ardoin**, did knowingly and intentionally possess with intent to distribute, a mixture or substance containing a detectable amount of a Schedule II controlled substance, namely cocaine base.

In violation of Title 21, United States Code, Section 841(a)(1).

## Count Three

> Violation: 18 U.S.C. § 924(c)
> (Knowing Possession of a Firearm in
> Furtherance of Drug Trafficking)

From on or about January 19, 2015, the exact date being unknown to the grand jury, and continuing thereafter until on or about September 10, 2015, in the Eastern District of Texas, the defendant, **Kerry Arsenio Ardoin**, did knowingly possess a firearm, that is, one .357 caliber Ruger Lightweight Compact Revolver (LCR), bearing serial number 548-438-04 and one Cobra .380 caliber semiautomatic pistol, bearing serial number FS038738, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute a

Controlled Substance, namely cocaine base, in violation of Title 21 United States Code, Section 841(a).

In violation of 18 U.S.C. § 924(c)(1)(A).

## Count Four

> Violation: 21 U.S.C. §841(a)(1)
> (Possession of a Controlled Substance
> with Intent to Distribute
> (Methamphetamine))

On or about September 10, 2015, in the Eastern District of Texas, the defendant, **Kerry Arsenio Ardoin**, did knowingly and intentionally possess with intent to distribute, a mixture or substance containing a detectable amount of a Schedule II controlled substance, namely methamphetamine.

In violation of Title 21, United States Code, Section 841(a)(1).

## Count Five

> Violation: 21 U.S.C. §846
> (Conspiracy to Possess a Controlled
> Substance with Intent to Distribute
> (Cocaine Base))

That from on or about February 4, 2011, the exact date being unknown to the Grand Jury, and continuing thereafter until on or about February 3, 2016, in the Eastern District of Texas and elsewhere, the defendant, **Kerry Arsenio Ardoin**, did intentionally and knowingly conspire, combine, confederate and agree, with other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance, to

wit: 280 grams or more of a Schedule II controlled substance, namely, cocaine base.

In violation of Title 21, United States Code, Section 841(a)(1) and all in violation of Title 21, United States Code, Section 846.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

The allegations contained in Counts One (1) and Three (3) of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense[s] in violation of Title 18, United States Code, Section 922(g)(1) or 924(c) set forth in Counts One (1) and Two (2) of this Indictment, the defendant, **Kerry Arsenio Ardoin**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to: one .357 caliber Ruger Lightweight Compact Revolver (LCR), bearing serial number 548-438-04 and one Cobra .380 caliber semiautomatic pistol, bearing serial number FS038738.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. §2461(c).

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

_____      2-4-16
LESLEY WOODS                    Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:15CR119 |
| | § | Judge Marcia A. Crone |
| KERRY ARSENIO ARDOIN | § | |

## NOTICE OF PENALTY

### Count One

Violation:   18 U.S.C. § 922(g)(1), 924(e)

Penalty:   Imprisonment of not more than ten (10) years, a fine not to exceed $250,000, or twice the pecuniary loss to the victim or gain to the defendant, or both imprisonment and a fine, and a term of supervised release of not more than three (3) years.  If the Court determines that the defendant is an Armed Career Offender under 18 U.S.C. § 924(e), imprisonment of not less than fifteen (15) years and not more than life, a fine not to exceed $250,000, or twice the pecuniary loss to the victim or gain to the defendant, or both imprisonment and a fine; a term of supervised release of not more than five (5) years.

Special Assessment:   $100.00

### Counts Two, Four and Five

Violation:   21 U.S.C. § 841(a), 846

Penalty:   Imprisonment of not more than twenty (20) years, a fine not to exceed $1,000,000, or twice the pecuniary loss to the victim or gain to the defendant, or both imprisonment and a fine, and a term of supervised release of not less than three (3) years.

If the Court determines that such violation was committed after a prior conviction for a felony offense has become final, imprisonment of not more than thirty (30) years, a fine not to exceed $2,000,000, or twice the pecuniary loss to the victim or

**Notice of Penalty-Page 1**

gain to the defendant, or both imprisonment and a fine; a term of supervised release of not less than six (6) years.

If two hundred and eighty (280) grams or more of a mixture or substance containing cocaine base, imprisonment of not less than ten (10) years and not more than life, a fine not to exceed ten million dollars ($10,000,000) dollars, or both imprisonment and a fine; a term of supervised release of not less than five (5) years.

If the Court determines that such violation was committed after a prior conviction for a felony offense has become final, imprisonment of not less than ten (10) years and not to exceed life, a fine not to exceed $5,000,000, or twice the pecuniary loss to the victim or gain to the defendant, or both imprisonment and a fine; a term of supervised release of not less than eight (8) years.

Special Assessment:     $100.00

### Count Three

Violation:   18 U.S.C. § 924(c)(1)(A)

Penalty:     Imprisonment of not less than five (5) years that must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, or twice the pecuniary loss to the victim or gain to the defendant, or both imprisonment and a fine, and supervised release of not more than five (5) years.

Special Assessment:     $100.00